1  Joshua M. George, SBN: 244565
   Email: george@ammclgaw.com
2  Michelle L. Gearhart, SBN: 263573
   Email: gearhart@ammcglaw.com
3  ADAMSKI MOROSKI MADDEN
   CUMBERLAND & GREEN LLP
4  *Mailing Address*: Post Office Box 3835
   San Luis Obispo, CA  93403-3835
5  *Physical Address*: 6633 Bay Laurel Place
   Avila Beach, CA  93424
6  Tele.: (805) 543-0990; Fax: (805) 543-0980

7  Attorneys for Defendant, City of San Luis Obispo

8  J. Christine Dietrick, SBN: 206539
   Email: cdietrick@slocity.org
9  CITY ATTORNEY, CITY OF SAN LUIS OBISPO
   City Attorney's Office
10 990 Palm Street
   San Luis Obispo, CA 93401
11 Tele: (805) 781-7140 Fax: (805) 781-7109

12 Attorney for Defendant, City of San Luis Obispo

13

14          IN THE UNITED STATES DISTRICT COURT

15        FOR THE CENTRAL DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17  PAMELA LANGLEY, RENEE ASKEW, AARON STINNET, EDWARD MARQUEZ, CHRISTINA MALMEN, individuals; and HOPE'S VILLAGE OF SLO, a non-profit corporation,<br><br>                Plaintiffs,<br><br>   vs.<br><br>CITY OF SAN LUIS OBISPO, a municipality; and DOES 1 through 10, inclusive,<br><br>                Defendants. | Case No.: 2:21-cv-07479 CJC (ADSx)<br><br>**ANSWER BY DEFENDANT CITY OF SAN LUIS OBIPSO TO PLAINTIFFS' COMPLAINT**<br><br>District Judge Cormac J. Carney<br>Magistrate Judge Autumn D. Spaeth |

27      On behalf of Defendant City of San Luis Obispo ("City"), the City hereby

28 answers the Complaint and sets forth its defenses in this matter.

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

1

**INTRODUCTION**

1. Answering Paragraph 1, City asserts that the majority of this paragraph is pure argument. To the extent any factual allegations are stated, City lacks sufficient information to admit or deny the allegations, and on that basis denies the same. City specifically denies the allegations that it has not taken sufficient action to ameliorate an alleged crisis.

2. Answering Paragraph 2, City lacks sufficient information to admit or deny the allegations, and on that basis denies the same.

3. Answering Paragraph 3, City denies the allegations.

4. Answering Paragraph 4, City asserts that one year-round shelter, 40 Prado Homeless Services Center, is operated by the Community Action Partnership of San Luis Obispo and is located within the City. The City asserts that the City Council has approved funding for 40 Prado, including expansion of its bed capacity to 124 beds. City asserts that during the pandemic the Safe parking Program was expanded to accommodate people who could not utilize 40 Prado due to capacity issues. As for the remaining allegations, City lacks sufficient information to admit or deny the allegations, and on that basis denies the same.

5. Answering Paragraph 5, City denies the allegations.

6. Answering Paragraph 6, City denies the allegations.

7. Answering Paragraph 7, City denies the allegations.

8. Answering Paragraph 8, City lacks sufficient information to admit or deny the allegations, and on that basis denies the same.

9. Answering Paragraph 9, City denies its actions "criminalize resting outside." As to the remaining allegations, City lacks sufficient information to admit or deny the allegations, and on that basis denies the same.

10. Answering Paragraph 10, City denies the allegations.

11. Answering Paragraph 11, City denies the allegations.

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

12. Answering Paragraph 12, City denies the allegations.

13. Answering Paragraph 13, City denies the allegations.

14. Answering Paragraph 14, City asserts that this paragraph contains argument to which no response is required. To the extent an answer is required, City denies that it punishes people for being present in public places. As to the remaining allegations, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

## JURISDICTION AND VENUE

15. Answering Paragraph 15, City asserts that this paragraph constitutes a legal conclusion that requires no response. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

16. Answering Paragraph 16, City asserts that this paragraph constitutes a legal conclusion that requires no response. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

17. Answering Paragraph 17, City asserts that this paragraph constitutes a legal conclusion that requires no response. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

18. Answering Paragraph 18, City asserts that this paragraph constitutes a legal conclusion that requires no response. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

## PARTIES

**A.**   **Plaintiffs**

19. Answering Paragraph 19, City admits the individual plaintiffs are unhoused residents of the City. City denies the remaining allegations.

ANSWER BY DEFENDANT CITY OF SAN LUIS OBIPSO TO PLAINTIFFS' COMPLAINT

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

20.     Answering Paragraph 20, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

**B.     Defendant**

21.     Answering Paragraph 21, City admits this allegation.

22.     Answering Paragraph 22, City admits these allegations. City also asserts that an additional $64,633 has been approved by the City Council to expand the Safe Parking Program at 40 Prado until the end of the fiscal year.

23.     Answering Paragraph 23, City asserts that this paragraph is vague and the City therefore lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

24.     Answering Paragraph 24, City denies these allegations.

25.     Answering Paragraph 25, City admits that the San Luis Obispo Parks and Recreation Department and the San Luis Obispo Police Department are departments of the City. The City denies the remaining allegations.

## FACTUAL ALLEGATIONS

**A.     The City's Housing Crisis**

26.     Answering Paragraph 26, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

27.     Answering Paragraph 27, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

28.     Answering Paragraph 28, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

29.     Answering Paragraph 29, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

30.     Answering Paragraph 30, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

31.     Answering Paragraph 31, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

4

**B.**     <u>Homelessness in the City</u>

32.     Answering Paragraph 32, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

33.     Answering Paragraph 33, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

34.     Answering Paragraph 34, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

**C.**     <u>The City's Lack of Sufficient Shelter</u>

35.     Answering Paragraph 35, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

36.     Answering Paragraph 36, City asserts that 40 Prado is the only year-round homeless shelter located in the City. City admits the remaining allegations.

37.     Answering Paragraph 37, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

38.     Answering Paragraph 38, City asserts 40 Prado is generally a congregate homeless shelter; however, special provisions were made during COVID. As for the remaining allegations, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

39.     Answering Paragraph 39, City admits these allegations.

40.     Answering Paragraph 40, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

41.     Answering Paragraph 41, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

42.     Answering Paragraph 42, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

43.     Answering Paragraph 43, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

44.     Answering Paragraph 44, City lacks sufficient information to admit

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

or deny this allegation, and on that basis, denies the same.

45.   Answering Paragraph 45, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

46.   Answering Paragraph 46, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

47.   Answering Paragraph 47, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

48.   Answering Paragraph 48, City admits that it implemented a safe parking program at Railroad Square. The City lacks sufficient information to admit or deny the remaining allegations, and on that basis, denies the same.

49.   Answering Paragraph 49, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

**D.   Unhoused People Living Outdoors on Public Property**

50.   Answering Paragraph 50, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

51.   Answering Paragraph 51, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

52.   Answering Paragraph 52, City asserts the trail has sections that are located in different jurisdictions, including the City and the County of San Luis Obispo. City admits the remaining allegation.

53.   Answering Paragraph 53, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

54.   Answering Paragraph 54, lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

**E.   The City's Relevant Municipal Codes and History of Enforcement**

55.   Answering Paragraph 55, City denies these allegations.

56.   Answering Paragraph 56, City asserts this allegation is vague and compound as pled. The City therefore denies these allegations.

ANSWER BY DEFENDANT CITY OF SAN LUIS OBIPSO TO PLAINTIFFS' COMPLAINT

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

57.    Answering Paragraph 57, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

58.    Answering Paragraph 58, City denies this allegation as phrased as it does not cite individuals for "simply being" in a park after hours.

59.    Answering Paragraph 59, City denies this allegation as phrased as it does not cite individuals for "being present" in open spaces. As to the remaining allegations, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

60.    Answering Paragraph 60, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

61.    Answering Paragraph 61, City denies this allegation as phrased as it does not cite persons because they are homeless.

62.    Answering Paragraph 62, City denies the allegations as phrased.

63.    Answering Paragraph 63, City denies the allegations as phrased.

64.    Answering Paragraph 64, City asserts that on April 13, 2021, the City Council approved ordinances 1695 and 1696 with modifications. On May 4, 2021, second reading and adoption of both ordinances were continued to a date uncertain with no comments made. Longstanding Municipal Code provisions regulating parks hours and encroachments in parks prohibit the erection of tents in parks, and overnight presence and camping in parks by any person, regardless of status. City therefore denies these allegations as phrased.

65.    Answering Paragraph 65, City admits it has issued written notices at various times and those notices speak for themselves and are the best evidence of their contents.

66.    Answering Paragraph 66, City admits it has issued written notices at various times and those notices speak for themselves and are the best evidence of their contents.

67.    Answering Paragraph 67, City lacks sufficient information to admit

**ANSWER BY DEFENDANT CITY OF SAN LUIS OBIPSO TO PLAINTIFFS' COMPLAINT**

or deny this allegation, and on that basis, denies the same.

68.    Answering Paragraph 68, City admits it has issued written notices at various times and those notices speak for themselves and are the best evidence of their contents.

69.    Answering Paragraph 69, City admits it has issued written notices at various times and those notices speak for themselves and are the best evidence of their contents.

70.    Answering Paragraph 70, City admits it has issued written notices at various times and those notices speak for themselves and are the best evidence of their contents.

**F.    The City Destroys and Fails to Secure the Personal Property of Unhoused Persons**

71.    Answering Paragraph 71, City denies this allegation.

72.    Answering Paragraph 72, City admits this allegation.

73.    Answering Paragraph 73, City admits this allegation.

74.    Answering Paragraph 74, City admits this allegation.

75.    Answering Paragraph 75, City denies these allegations.

76.    Answering Paragraph 76, City denies these allegations.

77.    Answering Paragraph 77, City denies these allegations.

78.    Answering Paragraph 78, City denies this allegation.

**G.    The City's Treatment of its Unsheltered Population During the COVID-19 Pandemic**

79.    Answering Paragraph 79, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

80.    Answering Paragraph 80, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

81.    Answering Paragraph 81, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

ANSWER BY DEFENDANT CITY OF SAN LUIS OBIPSO TO PLAINTIFFS' COMPLAINT

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

82.    Answering Paragraph 82, City asserts that any guidance provided by the CDC must be balanced against the risks posed to unhoused persons who decline services and choose to continue living in unsanitary conditions, including exposure to conditions that could exacerbate underlying health conditions and vulnerability to COVID, and exposure to diseases spread by rodents, as well as general public health and environmental risks created by the unabated proliferation of refuse, biological waste, drug paraphernalia, and feces. City denies the allegations in this paragraph.

83.    Answering Paragraph 83, City asserts that any guidance provided by the CDC must be balanced against the risks posed to unhoused persons who decline services and choose to continue living in unsanitary conditions, including exposure to conditions that could exacerbate underlying health conditions and vulnerability to COVID, and exposure to diseases spread by rodents, as well as general public health and environmental risks created by the unabated proliferation of refuse, biological waste, drug paraphernalia, and feces. City denies the allegations in this paragraph.

84.    Answering Paragraph 84, this allegation is vague and uncertain as five months have passed since the Complaint was filed and the number of COVID-19 cases and the "current" variant have changed and are constantly changing. City therefore lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

85.    Answering Paragraph 85, City asserts that any guidance provided by the CDC must be balanced against the risks posed to unhoused persons who decline services and choose to continue living in unsanitary conditions, including exposure to conditions that could exacerbate underlying health conditions and vulnerability to COVID, and exposure to diseases spread by rodents, as well as general public health and environmental risks created by the unabated proliferation of refuse, biological waste, drug paraphernalia, and feces. City denies

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

9

the allegations in this paragraph.

**H.    The Ongoing and Irreparable Harm to Plaintiffs**

      **i.    Pamela Langley**

86.    Answering Paragraph 86, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

87.    Answering Paragraph 87, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

88.    Answering Paragraph 88, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

89.    Answering Paragraph 89, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

90.    Answering Paragraph 90, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

91.    Answering Paragraph 91, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

92.    Answering Paragraph 92, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

93.    Answering Paragraph 93, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

94.    Answering Paragraph 94, City admits that Ms. Langley was cited on March 6, 2020 for a misdemeanor violation of Municipal Code section 12.22.050B.

95.    Answering Paragraph 95, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

96.    Answering Paragraph 96, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

97.    Answering Paragraph 97, City asserts that the August 24, 2020 filing was from case #200306072 for violation of Municipal Code section 12.22.050B.

ANSWER BY DEFENDANT CITY OF SAN LUIS OBIPSO TO PLAINTIFFS' COMPLAINT

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

City denies that this was for a "separate incident" from the March 6, 2020 citation.

98.    Answering Paragraph 98, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

99.    Answering Paragraph 99, City admits these allegations.

100.    Answering Paragraph 100, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

101.    Answering Paragraph 101, City asserts that seven camps at Bob Jones Trail were posted on November 10, 2020, but no names were reported. Thus, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

102.    Answering Paragraph 102, City denies these allegations.

103.    Answering Paragraph 103, City asserts that it has and continues to engage in an interactive process with plaintiff to identifying whether plaintiff is a qualifying individual with disabilities and, if so, whether plaintiff is requesting accommodations that may reasonably be provided by the City.

**ii.    <u>Renee Askew</u>**

104.    Answering Paragraph 104, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

105.    Answering Paragraph 105, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

106.    Answering Paragraph 106, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

107.    Answering Paragraph 107, City denies these allegations.

108.    Answering Paragraph 108, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

109.    Answering Paragraph 109, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

110.    Answering Paragraph 110, City lacks sufficient information to admit

**ANSWER BY DEFENDANT CITY OF SAN LUIS OBIPSO TO PLAINTIFFS' COMPLAINT**

1   or deny this allegation, and on that basis, denies the same.

2   111.   Answering Paragraph 111, City lacks sufficient information to admit

3   or deny this allegation, and on that basis, denies the same.

4   112.   Answering Paragraph 112, City asserts that Ms. Askew was arrested

5   for two warrants on November 5, 2020. One arrest was under court case #20M-

6   02241, and one was under M226661.

7   113.   Answering Paragraph 113, City asserts that the filing charge (21M-

8   00345) was for violation of Municipal Code section 12.23.030I under case

9   #201028033 and for violation of Municipal Code section 12.23.030M under case

10   #200827016 (where she became "uncooperative, defensive, and argumentative,

11   stating she was a victim and told she was allowed to camp and burn fires by the

12   City Rangers").

13   114.   Answering Paragraph 114, City asserts the charge of 21M-00345 for

14   violating Municipal Code section 12.23.030M is for Ms. Askew lighting fires, not

15   an open space violation.  For that charge, a warrant was ordered on 2/5/21 for Ms.

16   Askew's failure to appear, then an additional failure to appear was entered on

17   3/4/21.  Under 20M-02241 a warrant was ordered on 3/4/21 for a failure to appear

18   after a prior failure to appear was issued on 2/4/21.

19   115.   Answering Paragraph 115, City lacks sufficient information to admit

20   or deny this allegation, and on that basis, denies the same.

21   116.   Answering Paragraph 116, City lacks sufficient information to admit

22   or deny this allegation, and on that basis, denies the same.

23   117.   Answering Paragraph 117, City lacks sufficient information to admit

24   or deny this allegation, and on that basis, denies the same.

25   118.   Answering Paragraph 118, City lacks sufficient information to admit

26   or deny this allegation, and on that basis, denies the same.

27   119.   Answering Paragraph 119, City asserts that it has and continues to

28   engage in an interactive process with plaintiff to identifying whether plaintiff is a

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

12

qualifying individual with disabilities and, if so, whether plaintiff is requesting accommodations that may reasonably be provided by the City.

### iii.   **Aaron Stinnet**

120.   Answering Paragraph 120, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

121.   Answering Paragraph 121, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

122.   Answering Paragraph 122, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

123.   Answering Paragraph 123, City asserts that it does not prosecute individuals for "sleeping outside." City denies the allegations as phrased.

124.   Answering Paragraph 124, City admits that the City has fined and prosecuted Mr. Stinnet for violating ordinances.

125.   Answering Paragraph 125, City asserts that under court case #19M-05012, Mr. Stinnet was charged with two counts of violating Municipal Code section 9.04.010 and two counts of violation Municipal Code section 12.23.030I. City admits the two charges for violating section 9.04.010 were dismissed.

126.   Answering Paragraph 126, City asserts that Mr. Stinnet was issued an infraction citation for violating Municipal Code section 12.20.040E.  City denies the remaining allegations.

127.   Answering Paragraph 127, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

128.   Answering Paragraph 128, City asserts court case #20M-01825 was filed for violation of Municipal Code section 12.23.030I. After numerous failures to appear, a warrant was issued. City denies the remaining allegations.

129.   Answering Paragraph 129, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

130.   Answering Paragraph 130, City asserts that it has and continues to

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

engage in an interactive process with plaintiff to identifying whether plaintiff is a qualifying individual with disabilities and, if so, whether plaintiff is requesting accommodations that may reasonably be provided by the City.

**iv.** **Edward Antonio Marquez**

131.   Answering Paragraph 131, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

132.   Answering Paragraph 132, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

133.   Answering Paragraph 133, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

134.   Answering Paragraph 134, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

135.   Answering Paragraph 135, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

136.   Answering Paragraph 136, City admits Mr. Marquez was arrested in March 2021 for violation of Municipal Code section 12.22.050P in the area of Filipponi Ranch at 4800 S. Higuera. City asserts that Marquez had been previously contacted on 2/3/21 and 2/17/21 and was warned that all parties camping at the location had been warned previously of the cleanup and that no one is allowed in the Preserve per Municipal Code section 12.22.050P.  Marquez was also warned that he would be arrested again if he returned to the Filipponi Preserve. As to the remaining allegations, City denies the same.

137.   Answering Paragraph 137, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

138.   Answering Paragraph 138, City asserts that it has and continues to engage in an interactive process with plaintiff to identifying whether plaintiff is a qualifying individual with disabilities and, if so, whether plaintiff is requesting accommodations that may reasonably be provided by the City.

**ANSWER BY DEFENDANT CITY OF SAN LUIS OBIPSO TO PLAINTIFFS' COMPLAINT**

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

1

### v. <u>Christina Malmen</u>

2   139.   Answering Paragraph 139, City lacks sufficient information to admit

3   or deny this allegation, and on that basis, denies the same.

4   140.   Answering Paragraph 140, City lacks sufficient information to admit

5   or deny this allegation, and on that basis, denies the same.

6   141.   Answering Paragraph 141, City lacks sufficient information to admit

7   or deny this allegation, and on that basis, denies the same.

8   142.   Answering Paragraph 142, City lacks sufficient information to admit

9   or deny this allegation, and on that basis, denies the same.

10   143.   Answering Paragraph 143, City lacks sufficient information to admit

11   or deny this allegation, and on that basis, denies the same.

12   144.   Answering Paragraph 144, City lacks sufficient information to admit

13   or deny this allegation, and on that basis, denies the same.

14   ### vi. <u>Hope's Village of SLO</u>

15   145.   Answering Paragraph 145, City lacks sufficient information to admit

16   or deny this allegation, and on that basis, denies the same.

17   146.   Answering Paragraph 146, City lacks sufficient information to admit

18   or deny this allegation, and on that basis, denies the same.

19   147.   Answering Paragraph 147, City lacks sufficient information to admit

20   or deny this allegation, and on that basis, denies the same.

21   148.   Answering Paragraph 148, City lacks sufficient information to admit

22   or deny this allegation, and on that basis, denies the same.

23   149.   Answering Paragraph 149, City lacks sufficient information to admit

24   or deny this allegation, and on that basis, denies the same.

25   150.   Answering Paragraph 150, City lacks sufficient information to admit

26   or deny this allegation, and on that basis, denies the same.

27   151.   Answering Paragraph 151, City lacks sufficient information to admit

28   or deny this allegation, and on that basis, denies the same.

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

ANSWER BY DEFENDANT CITY OF SAN LUIS OBIPSO TO PLAINTIFFS' COMPLAINT

152.   Answering Paragraph 152, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

153.   Answering Paragraph 153, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

154.   Answering Paragraph 154, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

155.   Answering Paragraph 155, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

156.   Answering Paragraph 156, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

157.   Answering Paragraph 157, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

158.   Answering Paragraph 158, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

159.   Answering Paragraph 159, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

160.   Answering Paragraph 160, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

161.   Answering Paragraph 161, City denies these allegations.

162.   Answering Paragraph 162, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

I.   **Plaintiffs Attempted to Resolve This Matter Before Litigation**

163.   Answering Paragraph 163, City admits that it has sought to work with plaintiffs' counsel to address the myriad of issues relating to homelessness, enforcement of valid City ordinances, and the plaintiffs' resistance to working with existing providers and accessing available services within the City. City asserts that City staff has spent countless hours communicating with plaintiffs' counsel, providing requested information through Public Records Act requests

**ANSWER BY DEFENDANT CITY OF SAN LUIS OBIPSO TO PLAINTIFFS' COMPLAINT**

issued by plaintiffs' counsel, and seeking solutions to plaintiffs' situations.  City admits the parties participated in mediation on June 25, 2021.

164.   Answering Paragraph 164, City asserts that it has and continues to engage in an interactive process with plaintiffs to identifying whether plaintiffs are qualifying individuals with disabilities and, if so, whether plaintiffs are requesting accommodations that may reasonably be provided by the City. City denies the remaining allegations.

165.   Answering Paragraph 165, City denies these allegations.

## FIRST CAUSE OF ACTION

166.   Answering Paragraph 166, City incorporates by reference its foregoing response to each and every allegation of the Complaint as if set out in full here.

167.   Answering Paragraph 167, City asserts that this paragraph states a legal conclusion to which no response is required. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

168.   Answering Paragraph 168, City denies these allegations.

169.   Answering Paragraph 169, City denies these allegations.

170.   Answering Paragraph 170, City denies these allegations.

171.   Answering Paragraph 171, City denies these allegations.

172.   Answering Paragraph 172, City denies these allegations.

173.   Answering Paragraph 173, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

174.   Answering Paragraph 174, City denies these allegations.

175.   Answering Paragraph 175, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

176.   Answering Paragraph 176, City denies these allegations.

**SECOND CAUSE OF ACTION**

177.   Answering Paragraph 177, City incorporates by reference its foregoing response to each and every allegation of the Complaint as if set out in full here.

178.   Answering Paragraph 178, City denies these allegations.

179.   Answering Paragraph 179, City denies these allegations.

180.   Answering Paragraph 180, City asserts violations of Municipal Code section 10.34.030B are a parking violation, "the amount of penalties for which shall be set by the council by resolution. (Ord. 1584 § 2 (part), 2012)." Violations of that section are expressly not criminal by code. Violations of section 12.20 and 12.22 are infractions. Violations of section 12.23 are a misdemeanor "and may be enforced by the filing of a criminal action by the city attorney or the issuance of an administrative citation in accordance with the provisions of Chapter 1.24 by city staff authorized by the city manager to issue citations." City therefore denies these allegations as phrased.

181.   Answering Paragraph 181, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

182.   Answering Paragraph 182, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

183.   Answering Paragraph 183, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

184.   Answering Paragraph 184, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

185.   Answering Paragraph 185, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

186.   Answering Paragraph 186, City denies these allegations.

187.   Answering Paragraph 187, City denies these allegations.

188.   Answering Paragraph 188, City denies these allegations.

ANSWER BY DEFENDANT CITY OF SAN LUIS OBIPSO TO PLAINTIFFS' COMPLAINT

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

## THIRD CAUSE OF ACTION

189. Answering Paragraph 189, City incorporates by reference its foregoing response to each and every allegation of the Complaint as if set out in full here.

190. Answering Paragraph 190, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

191. Answering Paragraph 191, City denies these allegations.

192. Answering Paragraph 192, City denies these allegations.

193. Answering Paragraph 193, City denies these allegations.

194. Answering Paragraph 194, City asserts that this paragraph states a legal conclusion to which no response is required. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

195. Answering Paragraph 195, City denies this allegation.

196. Answering Paragraph 196, City denies this allegation.

## FOURTH CAUSE OF ACTION

197. Answering Paragraph 197, City incorporates by reference its foregoing response to each and every allegation of the Complaint as if set out in full here.

198. Answering Paragraph 198, City asserts that this paragraph states a legal conclusion to which no response is required. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

199. Answering Paragraph 199, City denies these allegations.

200. Answering Paragraph 200, City denies these allegations.

201. Answering Paragraph 201, City denies these allegations.

202. Answering Paragraph 202, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

19

ANSWER BY DEFENDANT CITY OF SAN LUIS OBIPSO TO PLAINTIFFS' COMPLAINT

1   203.   Answering Paragraph 203, City denies these allegations.

2   204.   Answering Paragraph 204, City lacks sufficient information to admit

3   or deny this allegation, and on that basis, denies the same.

4   205.   Answering Paragraph 205, City denies these allegations.

5   206.   Answering Paragraph 206, City denies these allegations.

6   207.   Answering Paragraph 207, City denies these allegations.

7   208.   Answering Paragraph 208, City denies these allegations.

8   209.   Answering Paragraph 209, City denies these allegations.

9   ## FIFTH CAUSE OF ACTION

10   210.   Answering Paragraph 210, City incorporates by reference its

11   foregoing response to each and every allegation of the Complaint as if set out in

12   full here.

13   211.   Answering Paragraph 211, City asserts that this paragraph states a

14   legal conclusion to which no response is required. To the extent an answer is

15   required, City lacks sufficient information to admit or deny this allegation, and on

16   that basis, denies the same.

17   212.   Answering Paragraph 212, City asserts that this paragraph states a

18   legal conclusion to which no response is required. To the extent an answer is

19   required, City lacks sufficient information to admit or deny this allegation, and on

20   that basis, denies the same.

21   213.   Answering Paragraph 213, City asserts that this paragraph states a

22   legal conclusion to which no response is required. To the extent an answer is

23   required, the City admits that the City is a local government but lacks sufficient

24   information to admit or deny the remaining allegations, and on that basis, denies

25   the same.

26   214.   Answering Paragraph 214, City lacks sufficient information to admit

27   or deny this allegation, and on that basis, denies the same.

28   215.   Answering Paragraph 215, City asserts that this paragraph states a

**ANSWER BY DEFENDANT CITY OF SAN LUIS OBIPSO TO PLAINTIFFS' COMPLAINT**

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

legal conclusion to which no response is required. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

216.    Answering Paragraph 216, City asserts that this paragraph states a legal conclusion to which no response is required. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

217.    Answering Paragraph 217, City asserts that this paragraph states a legal conclusion to which no response is required. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

218.    Answering Paragraph 218, City asserts that this paragraph states a legal conclusion to which no response is required. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

219.    Answering Paragraph 219, City asserts that this paragraph states a legal conclusion to which no response is required. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

220.    Answering Paragraph 220, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

221.    Answering Paragraph 221, City denies this allegation.

222.    Answering Paragraph 222, City denies this allegation.

223.    Answering Paragraph 223, City denies these allegations.

224.    Answering Paragraph 224, City denies these allegations.

225.    Answering Paragraph 225, City denies these allegations.

226.    Answering Paragraph 226, City denies these allegations.

227.    Answering Paragraph 227, City denies these allegations.

ANSWER BY DEFENDANT CITY OF SAN LUIS OBIPSO TO PLAINTIFFS' COMPLAINT

228.    Answering Paragraph 228, City denies these allegations.

## SIXTH CAUSE OF ACTION

229.    Answering Paragraph 229, City incorporates by reference its foregoing response to each and every allegation of the Complaint as if set out in full here.

230.    Answering Paragraph 230, City asserts that this paragraph states a legal conclusion to which no response is required. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

231.    Answering Paragraph 231, City asserts that this paragraph states a legal conclusion to which no response is required. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

232.    Answering Paragraph 232, City asserts that this paragraph states a legal conclusion to which no response is required. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

233.    Answering Paragraph 233, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

234.    Answering Paragraph 234, City asserts that this paragraph states a legal conclusion to which no response is required. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

235.    Answering Paragraph 235, City asserts that this paragraph states a legal conclusion to which no response is required. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

236.    Answering Paragraph 236, City denies this allegation.

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

237.   Answering Paragraph 237, City denies this allegation.

## SEVENTH CAUSE OF ACTION

238.   Answering Paragraph 238, City incorporates by reference its foregoing response to each and every allegation of the Complaint as if set out in full here.

239.   Answering Paragraph 239, City asserts that this paragraph states a legal conclusion to which no response is required. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

240.   Answering Paragraph 240, City asserts that this paragraph states a legal conclusion to which no response is required. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

241.   Answering Paragraph 241, City asserts that this paragraph states a legal conclusion to which no response is required. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

242.   Answering Paragraph 242, City asserts that this paragraph states a legal conclusion to which no response is required. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

243.   Answering Paragraph 243, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

244.   Answering Paragraph 244, City denies these allegations.

245.   Answering Paragraph 245, City denies these allegations.

246.   Answering Paragraph 246, City denies these allegations.

## EIGHTH CAUSE OF ACTION

247.   Answering Paragraph 247, City incorporates by reference its

23

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

foregoing response to each and every allegation of the Complaint as if set out in full here.

248.   Answering Paragraph 248, City asserts that this paragraph states a legal conclusion to which no response is required. To the extent an answer is required, City lacks sufficient information to admit or deny this allegation, and on that basis, denies the same.

249.   Answering Paragraph 249, City denies these allegations.

### GENERAL DENIAL

Defendant City hereby denies any allegations of Plaintiffs' Complaint, whether express or implied, that are not otherwise specifically admitted, denied, or qualified herein.

### FIRST DEFENSE

Some, or all, of the claims in Plaintiffs' Complaint fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The City alleges that some, or all, of the claims in Plaintiffs' Complaint are barred by the doctrine of unclean hands.

### THIRD DEFENSE

Some, or all, of the claims in Plaintiffs' Complaint cannot be maintained directly against the City because either the City or its employees are entitled to immunity pursuant to provisions of the California Government Code.

### FOURTH DEFENSE

Some, or all, of the claims in Plaintiffs' Complaint are time-barred pursuant to the claim presentation requirements of the California Government Code, including but not limited to Chapter I, Commencing with Section 900, and Chapter II, commencing with Section 910.

### FIFTH DEFENSE

Some, or all, of the claims in Plaintiff's Second Amended Complaint

cannot be maintained directly against the City pursuant to California Government Code section 815(a).

### SIXTH DEFENSE

Some, or all, of the claims in Plaintiffs' Complaint are barred by the applicable statutes of limitation.

### SEVENTH DEFENSE

City alleges that Plaintiffs are guilty of laches and have waived their rights, if any, to bring this action.

### EIGHTH DEFENSE

This Court lacks subject matter jurisdiction over some, or all, of the claims in Plaintiffs' Complaint.

### NINTH DEFENSE

Plaintiffs have failed to join all necessary or indispensable parties to this action and therefore complete relief among the existing parties cannot be provided, and all parties' interests cannot be protected.

### TENTH DEFENSE

Some, or all, of the plaintiffs lack standing to assert some or all of the claims alleged.

### ELEVENTH DEFENSE

City alleges that plaintiffs have not alleged a causal relationship between the City's valid time, place, and manner restrictions and any harm suffered by plaintiffs, and that any harm suffered by plaintiffs has been caused by plaintiffs or other supervening causes.

### TWELFTH DEFENSE

Some, or all, of the claims in plaintiffs' Complaint are barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

### THIRTEENTH DEFENSE

Some, or all, of the claims in Plaintiffs' Complaint are barred by the

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

ANSWER BY DEFENDANT CITY OF SAN LUIS OBIPSO TO PLAINTIFFS' COMPLAINT

doctrines of claim and/or issue preclusion.

## FOURTEENTH DEFENSE

Some, or all, of the claims in plaintiffs' Complaint cannot be maintained against the Doe defendants, who are entitled to qualified immunity because the plaintiffs' rights were not clearly established.

## FIFTEENTH DEFENSE

Some, or all, of the claims in plaintiffs' Complaint cannot be maintained against the City because no municipal policy or custom caused the alleged violations.

## SIXTEENTH DEFENSE

City alleges that Plaintiffs' Complaint is couched in conclusory terms, such that City cannot fully anticipate all affirmative defenses that may be applicable. Accordingly, the right to assert additional affirmative defenses, if and to the extent such affirmative defenses are applicable, is hereby reserved.

Respectfully submitted,

Dated:  February 22, 2022          ADAMSKI MOROSKI MADDEN
                                   CUMBERLAND & GREEN, LLP

                                   /s/ *Michelle L. Gearhart*
                                   Joshua M. George
                                   Michelle L. Gearhart
                                   Attorneys for Defendant, City of San Luis
                                   Obispo

L:\DMC ACTIVE CLIENT CASES\CRLA-PILP v City of SLO\Pleadings\Answer-City.doc

ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN LLP
Attorneys at Law

26

**ANSWER BY DEFENDANT CITY OF SAN LUIS OBIPSO TO PLAINTIFFS' COMPLAINT**